# United States Court of Appeals
# for the Fifth Circuit

No. 23-50273
CONSOLIDATED WITH
No. 23-50275

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Alfredo Corral-Duran,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 3:21-CR-696-1,
3:22-CR-1911-1

_____

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Luis Alfredo Corral-Duran appeals his conviction and sentence for illegal reentry after removal, as well as the order revoking the term of supervised release that he was serving at the time of the offense. With regard to illegal reentry, he argues that 8 U.S.C. § 1326(b) is

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

23-50273
c/w No. 23-50275

unconstitutional because it allows a sentence above the otherwise applicable statutory maximum established by § 1326(a) based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Corral-Duran does not address the revocation or the revocation sentence and has therefore abandoned any challenge to them. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Corral-Duran has filed an unopposed motion for summary disposition and a letter brief correctly conceding that the only issue he raises is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019). He explains that he has raised the issue to preserve it for possible further review. Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Corral-Duran's motion is GRANTED, and the district court's judgments are AFFIRMED.